[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#136)
This cases arises out of an alleged assault on the plaintiff by one Oliver M. Toomey, who is not a party to this action. The basic allegations of the complaint are that the plaintiff's roommate, Brady Noel, who is also not a party to this action, was involved in an "argument" with the defendant, Kristen Bakis. Subsequently, Bakis invited Toomey, her cousin, to Quinnipiac CT Page 11080 College, where she was a student, and described the details of the "argument" to him. Toomey spent the night in Bakis' dormitory room, and, the next morning, went to Noel's room, where he allegedly inflicted a severe beating upon Noel. When the plaintiff attempted to intercede on behalf of his roommate, Toomey allegedly severely beat him as well.
Counts seven, eight and nine of the plaintiff's complaint pertain to Bakis, alleging, respectively, negligence, recklessness and conspiracy. Bakis has moved to strike these three counts.
As to count seven, which alleges negligence, Bakis claims that the count fails to state a claim upon which relief can be granted in that there are no facts alleged upon which the court could conclude that Bakis owed a duty of care to Bendowski, the plaintiff. She is correct. No relationship between the plaintiff and the defendant Bakis has been alleged upon which a legal duty owed by her to him could be premised. See, e.g., Neal v. Shields,166 Conn. 3, 12-13 (1974); Shore v. Stonington, 187 Conn. 147,151 (1982). Moreover, the allegations of the complaint provide no foundation for a belief that the specific harm alleged by the plaintiff was foreseeable to this defendant. Frankovitch v.Burton, 185 Conn. 14, 21 (1981). Additionally, on the facts as alleged, and even construing the pleading in the light most favorable to the plaintiff, it cannot be concluded that any of the actions attributable to Bakis could be construed as proximate cause of this plaintiff's injuries. The motion to strike as to count seven must therefore be granted.
The same analysis that resulted in the striking of count seven applies with even greater force to count eight, which alleges recklessness. The motion to strike count eight is therefore granted.
As to count nine, other than the general allegation that Bakis and Toomey conspired "to confront and or attack Brady Noel", the ninth count provides no foundation for a claim of conspiracy to injure the named plaintiff. This count as well must therefore be stricken.
The court notes that on the day following oral argument of the motion to strike, and while the court was drafting its decision, it received, by overnight mail, three documents entitled "Motion to Delay Decision so as to Include Plaintiff's CT Page 11081 Second Revised Complaint in Decision on Motion to Strike of Defendant, Kristen Bakis", "Plaintiff's Request to Revise Amended Complaint" and "Plaintiff's Second Revised Complaint". The court declines to delay its decision as requested by the plaintiff in the first of these motions. The defendant's motion to strike attacked the seventh, eighth and ninth counts of the plaintiff's revised complaint dated June 12, 1995. The purported subsequent revision of that complaint was not the subject of the motion to strike and should not be considered by the court in that regard. As to the "Request to Revise Plaintiff's Amended Complaint" and the proposed "Plaintiff's Second Revised Complaint" itself, these matters are left for another day. The court notes that the Practice Book itself provides for repleading following the granting of a motion to strike. (Practice Book § 157) The proposed "Plaintiff's Second Revised Complaint", having been filed prior to the granting of the motion to strike, however, is not such a pleading.
The motion to strike counts seven, eight and nine of the plaintiff's revised complaint dated June 12, 1995 is granted.
Jonathan E. Silbert, Judge